UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
:
WILLIE BARNHILL, MOHAMMED :
HOSSAIN and NURUL ALAM, : **AMENDED MEMORANDUM**
: **DECISION AND ORDER**
Plaintiffs, :
: 15 Civ. 3360 (BMC)
- against - :
:
FRED STARK ESTATE and RITA STARK, :
:
Defendants. :
:
--------------------------------------------------------- X

**COGAN**, District Judge.

In Cheeks v. Freeport Pancake House, Inc., ___ F.3d ___, No. 14 Civ. 299, 2015 WL

4664283 (2d Cir. Aug. 7, 2015), the Second Circuit expressly abrogated my decision in Picerni

v. Bilingual Seit & Preschool Inc., 925 F.Supp.2d 368 (E.D.N.Y. 2013).  Picerni had held that in

an action under the Fair Labor Standards Act ("FLSA"), court approval is not required for the

parties to stipulate to a dismissal of their action under Federal Rule of Civil Procedure

41(a)(1)(A)(ii).  The Second Circuit disagreed in Cheeks, holding that notwithstanding the

absence of any express reservation in the FLSA, the FLSA is an "applicable federal statute," as

that phrase appears in Rule 41, that limits the parties' right to stipulate to the dismissal of their

action.

    The instant case raises a related question.  Plaintiffs have filed a "Notice of Acceptance"

of a Rule 68 Offer of Judgment.  The Notice recites that defendants shall

> pay to Plaintiffs the sum of sixty thousand dollars ($60,000.00), representing full
> payment for all the Plaintiff's claims, including but not limited to their claims for
> lost income, unpaid wages, liquidated damages, penalties, and interest, and
> inclusive of all reasonable costs and fees (such as attorneys' fees) incurred up to

the date of this offer of judgment. The Plaintiffs may divide this sum as they see
fit. If they cannot agree, the sum is to be divided equally among the Plaintiffs.

In the ordinary course, the Clerk of Court would simply enter judgment based on this

submission. The defendant then either pays the judgment, or if it does not, then, like any

judgment, the plaintiff has to enforce it under Federal Rule of Civil Procedure 69. The question

in this case is thus whether the FLSA, as interpreted by <u>Cheeks</u>, requires court approval before

the Clerk may enter the judgment upon the offer. I conclude that <u>Cheeks</u> should be confined to

the Rule 41 context, and does not reach an Offer of Judgment under Rule 68.

First, it is important to note that <u>Picerni</u> arose in a somewhat different context than

<u>Cheeks</u>. Like the instant case, the parties in <u>Picerni</u> had not attempted to proceed under Federal

Rule of Civil Procedure 41. The plaintiff had filed a Notice of Acceptance of a Rule 68 Offer. I

concluded that because the parties would have had the right to voluntarily dismiss their action

under Rule 41, it followed that they had the right to resolve their action by a Rule 68 judgment.

Although <u>Cheeks</u> disagreed with my conclusion as to Rule 41, it did not involve or even

mention Rule 68. Instead, in <u>Cheeks</u>, the parties had filed a joint stipulation and order of

dismissal under Rule 41. The district court declined to accept it without holding a fairness

hearing, and the Court of Appeals affirmed that decision. It therefore had no occasion to

consider whether proceeding under Rule 68 requires a different result than proceeding under

Rule 41.

I think that it does. Unlike Rule 41, which defers to "any applicable federal statute,"

Rule 68 has no such limitation. It is available in any action. In that way, it is narrower than Rule

41, because while the latter, subject to its stated qualifications, permits dismissal for any or no

reason – for example, a change of heart by the plaintiff, or a settlement – Rule 68, by its terms,

requires entry of judgment. Indeed, Rule 68 provides when an offer of judgment is accepted, the

Clerk "*must* then enter judgment." (Emphasis added.)  Unlike Rule 41, as construed in Cheeks, Rule 68 has no "hook," no limiter, that restricts its use and that would permit excluding the FLSA from its reach.  To hold that Rule 68 is not available in FLSA cases without court approval would be to rewrite it.

I recognize that the Court in Cheeks premised its decision not only on the qualifying language in Rule 41, but also on its characterization of the FLSA as a "uniquely protective statute" based on "unique policy considerations."  Cheeks, 2015 WL 4664283, at *6-7. However, I do not think that language can be taken too far.  As the Court noted, the statute was enacted to protect against "the evil of overwork" without statutorily required compensation.  Id. at *6 (quoting, Chao v. Gotham Registry, Inc., 514 F.3d 280, 285 (2d Cir. 2008)).  But surely, that evil is no greater than a case where a police officer gratuitously beats a suspect (42 U.S.C. § 1983), or a debt collector threatens children that their father will be imprisoned if he does not pay his bill (Fair Debt Collection Practices Act), or a consumer's credit is ruined because of a falsely reported debt (Fair Credit Reporting Act), or an employee is forced to submit to unwanted sexual advances or face termination (Title VII).  These, and many others, are federal cases for a reason. They are all important, and the statutes and constitutional provisions under which they arise all protect unique interests based on unique policy considerations.  For the courts to begin ranking the wrongs addressed by Congress where Congress has not would be to assume a legislative role.

In relying on the "unique policy considerations" underlying the FLSA, the Cheeks Court offered several cases of gross abuse of the statute in settlement agreements that rightfully were rejected by the courts, like secret settlements meant to shield the result from other employees, Lopez v. Nights of Cabiria, LLC, No. 14 Civ. 1274, 2015 WL 1455689 (S.D.N.Y. Mar. 30, 2015), unreasonable allocation of recoveries as attorneys' fees at the expense of the plaintiff, id.,

or restrictions on the ability of the plaintiff's attorney to represent other employees, <u>Guareno v. Vincent Perito, Inc.</u>, No. 14 Civ. 1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014). Of course, with 8,126 FLSA cases filed in 2014,[1] it is precarious to rely on anecdotal instances. This is especially so since it is not possible to perform a cost/benefit analysis to determine whether apprehending what may be relatively few outlier unfair settlements warrants fairness hearings in each of the 8,126 cases.

Nor can we operate on a presumption that the plaintiff's bar in FLSA cases is out to enrich itself through unreasonable fees at the expense of their clients, although, as the <u>Nights of Cabiria</u> case shows, there is no doubt that it happens. But as I noted in <u>Picerni</u>, it also no doubt happens in cases brought under each of the other, non-FLSA consumer and citizen protection statutes referenced above. The fact is that most of the litigation to protect the vulnerable under remedial legislation is attorney-driven as a result of fee-shifting provisions, but it does not follow that there is a pervasive problem of attorneys favoring themselves at their clients' expense that is peculiar to the FLSA and that requires the courts to police every Rule 68 offer in FLSA cases for abuse.

Finally, I note that to the extent the Court in <u>Cheeks</u> was concerned about secret settlements and the curtailment of co-employees' information, Rule 68 judgments address that

---

[1] Administrative Office of the United States Courts, <u>Statistical Tables for the Federal Judiciary</u> (October 9th, 2014), covering the most recent reporting period 4/1/13 through 3/31/14.

In addition, I do not know how many FLSA cases are resolved in the state courts, where they may be brought pursuant to the concurrent jurisdiction provisions of the statute, and will remain unless the defendant removes the case. <u>See</u> <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691, 123 S. Ct. 1882 (2003). Unlike <u>Cheeks</u>, the New York State courts, for example, do not read <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697, 65 S.Ct. 895 (1945) and <u>D.A. Schulte, Inc. v. Gangi</u>, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946), as requiring a fairness hearing prior to dismissing a case, but rather use the procedure of post-settlement review if the settlement is challenged, the method identified in <u>Picerni</u>. <u>See</u> <u>e.g.</u> <u>Weiss v. Testrite Instrument Co., Inc.</u>, 272 A.D. 696, 74 N.Y.S.2d 673 (1st Dep't 1947).

concern, and thus they are further distinguishable from a Rule 41 stipulated dismissal.[2]  The

filing of a Rule 68 judgment is just as publicly available as a filed settlement agreement, so to the

extent co-employees review judicial dockets (or more likely, prospective attorneys do), the

information that a plaintiff has recovered a wage settlement will be known.[3]

      Accordingly, the Clerk is directed to enter judgment in favor of plaintiffs in the amount

of $60,000.


**SO ORDERED.**


_____
                            U.S.D.J.


Dated: Brooklyn, New York
      September 24, 2015

---

[2] In addition, once again, under other statutes protecting important rights, like, for example, the Fair Debt Collection Practices Act, nothing prevents an attorney, under Rule 41, from settling secretly, including an attorney representation restriction, on behalf of a client that received the same illegal dunning letter as hundreds of other similarly situated debtors.

[3] I recognize that nothing in Rule 68 prevents the parties from having a side agreement containing terms that might be unpalatable in a fairness hearing.  For that matter, even in the context of a fairness hearing, there is no way to ensure that the parties will not conspire to withhold disclosure of a side agreement from the court.  But either of those scenarios brings us back full circle to Picerni, which holds that such side agreements, including releases, are not enforceable unless the court in which enforcement is sought finds that the settlement terms were fair and reasonable.